IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW J. DAVISON, | ) | CASE NO. 1:24CV00227 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | Magistrate Judge Parker |
| | ) | |
| CITY OF LORAIN, et al., | ) | **MOTION TO DISMISS** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Now comes Defendant, Victor Perez ("Perez"), by and through the Office of the Lorain County Prosecuting Attorney, and hereby moves this Honorable Court to dismiss Plaintiff's, Andrew Davison ("Davison"), Complaint as it relates to said Defendant for the reasons which now follow.

Respectfully submitted,
J.D. Tomlinson, Prosecuting Attorney
Lorain County, Ohio

JACOB W. PULLAR, #0101003
GREG PELTZ, #0091542
Assistant Prosecuting Attorneys
Lorain County Prosecutor's Office
225 Court Street, 3rd Floor
Elyria, Ohio 44035-5642
Tel: (440) 329-5429
Fax: (440) 329-5430
Email: Jacob.pullar@lcprosecutor.org

*Attorneys for Defendant*

1

# MEMORANDUM IN SUPPORT

1. FACTS

On July 7, 2023, Davison was indicted in 23CR108101 in the Lorain County Court of Common Pleas. Perez was the assigned prosecuting attorney on the case. Throughout the case's pendency, Davison was represented by counsel wherein various motions were filed. On December 6, 2023, Davison, through counsel, filed a motion to dismiss based on speedy trial elapsing pursuant R.C. 2945.71. Perez then filed a response to said motion on December 21, 2023, followed by further reply by Davison, through counsel, on December 28, 2023. On January 30, 2024, the court granted Davison's motion and dismissed the case. Following dismissal, Davison filed a motion for release of property.

This action followed thereafter, in which Davison seeks relief under 42 U.S.C. 1983. As far as can be understood, Davison rests this 1983 claim in alleged civil rights violations ranging from due process, Fourth Amendment search and seizure, reasonable bond, wrongful imprisonment, and grand jury tampering.

Based on the analysis that follows, Davison's complaint as to Defendant, Victor Perez, must be dismissed as it fails to meet threshold requirements of pleadings under the Federal Rules of Civil Procedure, it fails to state a claim upon which relief can be granted, and all actions by Perez here are immune from civil liability.

2. ANALYSIS

   a. **<u>Davison's complaint fails to meet threshold pleading requirements of Fed. R. Civ. P. 8.</u>**

Davison's Complaint against Perez fails to meet the minimum pleading requirements and therefore this Court should grant Perez's motion to dismiss. Fed. R. Civ. P. 8 requires "a short and

plain statement of the claim showing that the pleader is entitled to relief," thus giving "the defendant fair notice of what the...claim is and grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). To survive a motion to dismiss, a complaint must provide sufficient facts, which if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Under these standards, a court cannot "accept conclusory legal allegations that do not include specific facts necessary to establish the cause of action." *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1050 (6th Cir. 2011).

In the instant complaint, Davison makes only a single, simple reference to Perez stating "[a]s of today, there are motions Victor Perez has not responded to and the court has allowed it." Complaint at 5. This reference falls far short of the minimum threshold pleading requirements because Davison has not provided a short and plain statement of any claim against Perez that shows that Davison is entitled to relief. Nor can any conceivable enhancements be drawn from this reference that shows that Davison is entitled to relief of any sort. Thus, Davison fails to meet the minimum threshold requirements under Fed. R. Civ. P. 8 and this Court should grant Perez's motion to dismiss.

### b. Davison's complaint does not state a claim upon which relief can be granted under Fed. R. Civ. P 12 (B)(6) and 42 U.S.C. 1983.

Alternatively, this case must be dismissed as Davison's reference to Perez fails to state a claim which relief can be granted and further fails to offer a cognizable claim, or federal right, by which 42 U.S.C. 1983 can vindicate. A case may be dismissed for failing to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59

(1984). In applying this, the complaint is construed in a light most favorable to the plaintiff accepting well-pleaded facts as true. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1984). However, a court is not required to accept all legal conclusions or unwarranted factual inferences as true which are unsupported or unsupportable. *Blackburn v. Fisk Univ.*, 443 F.2d 121 (6th Cir. 1971).

Claims under 42 U.S.C. 1983 imposes liability when someone, "[acting] under color of state law, deprives a person of any rights, privileges, or immunities secured by the Constitution or conferred by federal law. *Blessing v. Freestone*, 520 U.S. 329, 340, 117 S. Ct. 1353, 137 L. Ed. 2d 569 (1997). Section 1983 does not provide substantive rights alone, but rather provides a method for vindicating federal rights provided elsewhere. *Albright v. Oliver*, 510 U.S. 266, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994). Therefore, "the first step in any such claim is to identify the specific constitutional right allegedly infringed." *Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989).

Even when construing the mere references made by Davison in his favor, no claim exists by which relief can be granted to Davison. Davison references Perez and does not demonstrate how any action by Perez is related to Davison's federal rights or how any action by Perez led to a deprivation of Davison's federal rights. As such, Davison has failed to state a claim and has not alleged a cognizable claim under Section 1983. On these grounds alone, this complaint should be dismissed.

### c. **All references to Perez are intimately tied to the judicial process and have absolute immunity from civil liability.**

Finally, even if Davison had advanced sufficient allegations in satisfaction of the Federal Rules of Civil Procedure, the actions of Perez's are intimately tied to the judicial process. As a

(1984). In applying this, the complaint is construed in a light most favorable to the plaintiff accepting well-pleaded facts as true. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1984). However, a court is not required to accept all legal conclusions or unwarranted factual inferences as true which are unsupported or unsupportable. *Blackburn v. Fisk Univ.*, 443 F.2d 121 (6th Cir. 1971).

Claims under 42 U.S.C. 1983 imposes liability when someone, "[acting] under color of state law, deprives a person of any rights, privileges, or immunities secured by the Constitution or conferred by federal law. *Blessing v. Freestone*, 520 U.S. 329, 340, 117 S. Ct. 1353, 137 L. Ed. 2d 569 (1997). Section 1983 does not provide substantive rights alone, but rather provides a method for vindicating federal rights provided elsewhere. *Albright v. Oliver*, 510 U.S. 266, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994). Therefore, "the first step in any such claim is to identify the specific constitutional right allegedly infringed." *Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989).

Even when construing the mere references made by Davison in his favor, no claim exists by which relief can be granted to Davison. Davison references Perez and does not demonstrate how any action by Perez is related to Davison's federal rights or how any action by Perez led to a deprivation of Davison's federal rights. As such, Davison has failed to state a claim and has not alleged a cognizable claim under Section 1983. On these grounds alone, this complaint should be dismissed.

### c. **All references to Perez are intimately tied to the judicial process and have absolute immunity from civil liability.**

Finally, even if Davison had advanced sufficient allegations in satisfaction of the Federal Rules of Civil Procedure, the actions of Perez's are intimately tied to the judicial process. As a

(1984). In applying this, the complaint is construed in a light most favorable to the plaintiff accepting well-pleaded facts as true. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1984). However, a court is not required to accept all legal conclusions or unwarranted factual inferences as true which are unsupported or unsupportable. *Blackburn v. Fisk Univ.*, 443 F.2d 121 (6th Cir. 1971).

Claims under 42 U.S.C. 1983 imposes liability when someone, "[acting] under color of state law, deprives a person of any rights, privileges, or immunities secured by the Constitution or conferred by federal law. *Blessing v. Freestone*, 520 U.S. 329, 340, 117 S. Ct. 1353, 137 L. Ed. 2d 569 (1997). Section 1983 does not provide substantive rights alone, but rather provides a method for vindicating federal rights provided elsewhere. *Albright v. Oliver*, 510 U.S. 266, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994). Therefore, "the first step in any such claim is to identify the specific constitutional right allegedly infringed." *Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989).

Even when construing the mere references made by Davison in his favor, no claim exists by which relief can be granted to Davison. Davison references Perez and does not demonstrate how any action by Perez is related to Davison's federal rights or how any action by Perez led to a deprivation of Davison's federal rights. As such, Davison has failed to state a claim and has not alleged a cognizable claim under Section 1983. On these grounds alone, this complaint should be dismissed.

### c. **All references to Perez are intimately tied to the judicial process and have absolute immunity from civil liability.**

Finally, even if Davison had advanced sufficient allegations in satisfaction of the Federal Rules of Civil Procedure, the actions of Perez's are intimately tied to the judicial process. As a

result, those actions are protected by absolute immunity and this case should be dismissed against Perez. In considering absolute immunity of actions by a state prosecutor, a function test is employed to determine applicability. *Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993). When a challenged activity is within their prosecutorial duties and is "intimately associated with the judicial phase of the criminal process", then a state prosecutor has absolute immunity from civil liability. *Howell v. Sanders*, 668 F.3d 344 (6th Cir. 2012). Stated differently, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley*, 509 U.S. at 273. In contrast, the actions of a state prosecutor which are administrative or investigative in nature, and not tied to preparation of initiating prosecution or judicial proceedings, are not entitled to absolute immunity. *Prince v. Hicks*, 198 F.3d 607 (6th Cir. 1999). The burden to establish absolute immunity rests on who seeks the benefit of absolute immunity. *Burns v. Reed*, 500 U.S. 478, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991).

Here, the actions by Perez as alleged by Davison are a function of the judicial phase of the criminal process and therefore, Perez's actions are protected by absolute immunity. In general, motion practice is intimately related to the judicial phase of prosecution. Therefore, any action or inaction stemming from motion practice in a criminal case is intimately related to any criminal process. Moreover, Davison filed a federal cause of action in federal court seeking relief related to a federal right. Thus, the request for relief, if such relief exists at all, can and should best addressed outside of this Court.

3. CONCLUSION

As pleaded, this case suffers from substantial inadequacies, especially as it relates to Perez. Davison provides bare reference to Perez with no supporting factual allegations. Even when construing the reference to Perez in a light most favorable to Davison, the complaint submitted must be dismissed based on one or more of the reasons previously provided.

J.D. TOMLINSON  
Prosecuting Attorney  
Lorain County, Ohio

JACOB W. PULLAR, #0101003  
GREG PELTZ, #0091542  
Assistant Prosecuting Attorneys  
Lorain County Prosecutor's Office  
225 Court Street, 3rd Floor  
Elyria, Ohio 44035-5642  
Tel: (440) 329-5429  
Fax: (440) 329-5430  
Email: Jacob.pullar@lcprosecutor.org

*Attorneys for Defendant*

CERTIFICATE OF SERVICE

I certify that on February 28, 2024, I electronically filed a true and accurate copy of the foregoing Motion to Dismiss. Parties will receive notification via email and may access a copy of the document through the Court's electronic filing system. Physical copies will also be sent by regular mail on or about February 28, 2024, as follows:

Andrew J. Davison, *pro se*
2606 W. Erie Ave., Apt #J
Lorain, OH 44053

Cielo Rodriguez
200 W. Erie Ave.
Lorain, OH 44052

Mallory Santiago
100 W. Erie Ave.
Lorain, OH 44052

Patrick Riley
200 W. Erie Ave.
Lorain, OH 44052

Brent Payne
200 W. Erie Ave.
Lorain, OH 44052

Jacob W. Pullar
Greg Peltz
*Attorneys for Defendant*