## Table of Contents

I. Introduction ............................................................................................................. 1

II. Standard of Review ................................................................................................ 1

III. Analysis ................................................................................................................... 2

   a. This Honorable Court should dismiss Plaintiff's Complaint, as it relates to all pending claims against City Defendants, because it fails to meet the pleading standards set forth in Fed. R. Civ. P. 8, Twombly, and Iqbal. ............................................................. 2

      i. Violation of civil rights ................................................................................ 3

      ii. Right to due process ................................................................................... 3

      iii. Misconduct .................................................................................................. 5

      iv. Illegal search and seizure acting as a rubber stamp for police ................ 5

      v. Discrimination ............................................................................................ 5

      vi. Making false statements ............................................................................ 6

      vii. Deny a citizen the grievance process ........................................................ 6

      viii. Threats and harassment ............................................................................ 6

      ix. Right to reasonable bond ........................................................................... 7

      x. Wrongful imprisonment ............................................................................ 7

      xi. Grand jury tampering ............................................................................... 8

      xii. Falsified report numbers ........................................................................... 8

   b. Alternatively, this Honorable Court should dismiss Plaintiff's Complaint, as it relates to all pending claims against City Defendants, because it fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983. ............................................... 9

      i. Plaintiff fails to state a claim upon which relief can be granted under 42 USC § 1983 against Rodriguez, Payne, Riley, and Santiago. ......................................... 10

      ii. Plaintiff fails to assert a *Monell* claim against the City. .......................... 10

   c. This Honorable Court should dismiss Plaintiff's Complaint, as it relates to all pending claims against City Defendants, because City employees are either immune and/or barred from suit. ............................................................................................. 11

      i. Riley and Santiago enjoy absolute immunity, or in alternative, qualified immunity from Plaintiff's claims. .................................................................................. 12

      ii. Rodriguez and Payne are immune from suit because they both enjoy qualified immunity. ................................................................................................... 14

IV. Conclusion ............................................................................................................. 15

# Table of Authorities

## Cases

*Adams v. Hanson*, 656 F.3d 397, 401 (6th Cir. 2011)……………………………………..12

*Albright v. Oliver*, 510 U.S. 266, 271……………………………………………………9

*Ashcroft v. al-Kidd*, 563 U.S. 731, 744, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011) …………14

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2011)………2, 8, 9, 14

*Bassett v. National Collegiate Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008)……………….2

*Bennet v. City of Eastpointe*, 410 F. 3d 810, 819 (6th Cir. 2005)………………………………..10

*Blick v. Ann Arbor Pub. Sch. Dist.*, 516 F. Supp. 3d 711, 731 (E.D. Mich. 2021)………………11

*Collins v. City of Harker Heights*, 503 U.S. 115, 125……………………………………………….4

*Dinwiddie v. Beshear*, 2019 U.S. App. LEXIS 21310, *5-6………………………………………..4

*Fambrough v. City of E. Cleveland*, 2023 U.S. Dist., LEXIS 105559, at *12, 13…..........13, 14, 15

*Fields v. Henry County*, 701 F. 3d180, 185……………………………………………………….4

*Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)………………………………………….1

*Holloway v. Brush*, 220 F. 3d 767, 775 (6th Cir. 2000)……………………………………………12

*Howell v. Sanders*, 668 F. 3d 344, 353 (6th Cir. 2012)…………………………………………….13

*Logsdon v. Haines*, 492 F. 3d 334, 340……………………………………………………………...2

*Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L.Ed. 2d 611 (1978)….10

*Polk County v. Dodson*, 454 U.S. 312, 325 (1981)…………………………………………………11

*Reed v. Goertz*, 143 S. Ct. 955, 961……………………………………………………………….4

*Robertson v. Lucas*, 753 F. 3d 606, 622 (6th Cir. 2014)……………………………………………11

*Shadrick v. Hopkins County*, 805 F. 3d 724, 736 (6th Cir. 2015)……………………………..9, 10

*Tackett v. M & G Polymers, USA, LLC*, 561 F. 3d 478, 488 (6th Cir. 2009)…………………..1, 9

*Tellabs Inc. v. Maker Issues & Rights, Ltd.*, 551 U.S. 308, 319……………………………..…3, 5

*Van de Kamp v. Goldstein*, 555 U.S. 335, 346-47, 129 S. Ct. 855, 172 L. Ed. 2d 706 (2009)….13

*Wilson v. City of Hazelwood*, 530 F. Supp. 2d 1059,1068………………………………………..7

*Wrenn v. Residential Credit Servs.*, 2023 U.S. Dist. LEXIS 219492, *5…………………………3

<u>Rules</u>

USCS Fed. R. Civ. P. 8………………………………………………………………………………….2

<u>State Statutes</u>

Ohio Revised Code § 733.621……………………………………………………………...…13

## STATEMENT OF ISSUES

1. Whether Plaintiff failed to state a claim upon which relief can be granted for every claim asserted against City Defendants based on failing to meet the pleading standards of Fed. R. Civ. P. 8, *Twombly*, and *Iqbal*.

2. Whether Plaintiff failed to state a claim upon which relief can be granted for every claim asserted against City Defendants under 42 USC § 1983.

3. Whether Riley and Santiago are entitled to absolute immunity, or in the alternative, qualified immunity; and whether Rodriquez and Payne are entitled to qualified immunity.

## SUMMARY OF ARGUMENTS

Plaintiff's Complaint, in presenting a hard to decipher narrative, fails to properly plead a single claim under Fed. R. Civ. P. 8, *Twombly*, and *Iqbal*. The Complaint relays a series of events and conversations and enumerates a list of violations without providing any factual or legal basis. As such, Plaintiff fails to properly state a claim under Fed. R. Civ. P. 8, *Twombly*, and *Iqbal*. Further, the Complaint fails to properly plead a § 1983 claim by failing to address each element or make any factual allegation from which the elements of such a claim can be reasonably inferred. Even if Plaintiff did state a claim under applicable pleading standards and § 1983, the named City employees are immune or barred from suit. Namely, because Riley and Santiago are entitled to absolute immunity as prosecutors, or alternatively, entitled to qualified immunity as state actors; and Rodriguez and Payne are entitled to qualified immunity as state actors. As such, Plaintiff's Complaint should be dismissed, as it relates to City Defendants, for failing to state a claim upon which relief can be granted.

**MEMORANDUM IN SUPPORT OF CITY DEFENDANTS' MOTION TO DISMISS**

I. **Introduction**

This civil cause of action brought by Plaintiff Andrew J. Davison ("Davison") stems from his criminal proceedings in the Lorain Municipal Court and Lorain County Court of Common Pleas for which he was indicted for several drug-related charges. After Davison's criminal case was dismissed at the Lorain County Court of Common Pleas for apparent speedy trial violations, Davison filed his Complaint with this Honorable Court on February 6, 2024 (the "Complaint"), copies of which were served on City Defendants on February 16, 2024, Davison's Complaint names the City of Lorain; two of the City's police department members, Rodriguez and Payne; one of the City's municipal prosecutor, Santiago; the City's Law Director and Chief Municipal Prosecutor, Riley; and a Lorain County assistant prosecuting attorney, Victor Perez. The Complaint is a lengthy and convoluted document that fails to satisfy federal pleading standards, fails to state a claim upon which relief can be granted under 42 USC § 1983, and certain named City employees are either immune or barred from suit.

II. **Standard of Review**

When reviewing a motion to dismiss under Rule 12(b)(6), the court accepts the plaintiff's factual allegations as true and construes the complaint in the light most favorable to the plaintiff. *See Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). To survive a motion to dismiss under this Rule, "a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M& G Polymers, USA, LLC,* 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007).

The measure of a Rule 12(b)(6) challenge—whether the complaint raises a right to relief above the speculative level — "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Bassett v. National Collegiate Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting in part *Twombly*, 550 U.S. at 555-56) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Deciding whether a complaint states a claim for relief that is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

III. Analysis

    a. **This Honorable Court should dismiss Plaintiff's Complaint, as it relates to all pending claims against City Defendants, because it fails to meet the pleading standards set forth in Fed. R. Civ. P. 8, Twombly, and Iqbal.**

Fed. R. Civ. P. 8 sets forth the general rules of pleadings. Specifically, it requires, in pertinent part, that a claim for relief contain:

> *(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claims showing that the pleader is entitled to relief. . .*

Fed. R. Civ. P. 8. If no cognizable claim is set forth in the complaint, a motion to dismiss the action for a failure to assert a claim upon which relief can be granted should be granted. When considering a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint are to be taken as true and all reasonable inferences must be drawn in the plaintiff's favor. *Logsdon v. Haines,* 492 F.3d 334, 340.

While Rule 8 encourages brevity, a complaint must, at minimum, provide enough information to give the defendant notice of what the plaintiff's claim is and upon what grounds it

rests. *Tellabs Inc. v. Maker Issues & Rights, Ltd.*, 551 U.S. 308, 319. This means that in addition to pleading sufficient facts, complaints must allege facts pertaining to each element of the cause of action. If a complaint fails to plead facts relating to each element, the complaint fails to give adequate notice of the what the plaintiff's claim is as required by *Tellabs Inc.* 551 U.S. 308, 319. As stated in *Wrenn v. Residential Credit Servs.*, the complaint "must contain direct or inferential allegations respecting all the material elements under some viable legal theory. 2023 U.S. Dist. LEXIS 219492, *5, quoting *Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). Plaintiff asserts numerous claims in Paragraph 1 of his Complaint. The failure to sufficiently plead facts pertaining to the elements and plausibility of each claim will be addressed in turn.

### i. Violation of civil rights

The Complaint alleges Plaintiff's civil rights were violated. Complaint, at P. 1. The Complaint does not indicate what civil rights were violated, how they were violated, or by whom they were violated. Indeed, the Complaint does not allege that any factual allegations are tied to the alleged violations of civil rights. As such, this claim should be dismissed, as it relates to City Defendants, for failing to state a claim upon which relief can be granted in failing to comply with the pleading standards set forth in Fed. R. Civ. P. 8, *Twombly*, and *Iqbal*.

### ii. Right to due process

Next, the Complaint alleges Plaintiff's right to due process was violated. Complaint, at P. 1. The Complaint does not specify at any point what due process rights were violated, who violated Plaintiff's rights, nor does the Complaint specify whether Plaintiff is alleging procedural due process violations or substantive due process violations.

The elements of a procedural due process claim are (1) a deprivation of a constitutionally protected interest in life, liberty, or property, (2) by state action, and (3) inadequate state process. *Reed v. Goertz*, 143 S. Ct. 955, 961, *see also Fields v. Henry County*, 701 F. 3d 180, 185. The Complaint fails to identify the constitutionally protected interest in life, liberty, or property that must be present for a procedural due process claim to be made; identify state action that led to the deprivation; or identify how the procedures afforded him by the state were defective. Plaintiff merely recites his story in his Complaint. As such, Plaintiff's procedural due process claim, if that is the claim he is making as it relates to City Defendants, should be dismissed for failing to state a claim upon which relief can be granted in failing to comply with the pleading standards set forth in Fed. R. Civ. P. 8, *Twombly*, and *Iqbal*.

Alternatively, the Complaint could be making a substantive due process claim against City Defendants. Complaint, at P. 1. For a plaintiff to succeed on a substantive due process claim, the plaintiff must show that the government action depriving them of a constitutionally protected interest was done in an arbitrary and capricious manner. *Dinwiddie v. Beshear*, 2019 U.S. App. LEXIS 12310, *5-6. Normally, the state action must "shock the conscience" to constitute a violation of substantive due process. *Collins v. City of Harker Heights*, 503 U.S. 115, 125. Here, the Complaint fails to identify the constitutionally protected interest at issue; describe or identify the state action depriving him of that constitutionally protected interest; or show how that action was done in an arbitrary and capricious manner, shocking the conscience. *See Collins*, 503 U.S. 115, at 125. As such, Plaintiff's substantive due process claim, if that is the claim he is making as it relates to City Defendants, should be dismissed for failing to state a claim upon which relief can be granted in failing to comply with the pleading standards set forth in Fed. R. Civ. P. 8, *Twombly*, and *Iqbal*.

### iii. Misconduct

The Complaint states that "misconduct" occurred. Complaint, at P. 1. The Complaint does not provide any legal basis for such allegations. Nor does Plaintiff provide any factual allegations that would clearly infer a cognizable claim for which he is seeking relief, namely, because such claim does not exist under its current pleading. As such, this claim should be dismissed, as it relates to City Defendants, for failing to state a claim upon which relief can be granted in failing to comply with the pleading standards set forth in Fed. R. Civ. P. 8, *Twombly*, and *Iqbal*.

### iv. Illegal search and seizure acting as a rubber stamp for police

The Complaint alleges that an illegal search and seizure took place. Complaint, at P. 1. However, the Complaints fails to allege what was particularly illegally searched or seized. Moreover, when making the factual allegations, the Complaint does not clearly connect the facts to the illegal search and seizure claim. The factual allegations are much too unclear to properly provide City Defendants with notice of Plaintiff's claim. *Tellabs*, 551 U.S. 308, at 319. As such, this claim should be dismissed, as it relates to City Defendants, for failing to state a claim upon which relief can be granted in failing to comply with the pleading standards set forth in Fed. R. Civ. P. 8, *Twombly*, and *Iqbal*.

### v. Discrimination

The Complaint alleges that Plaintiff was discriminated against. Complaint, at P. 1. However, the Complaint contains no facts to support this bare allegation. Plaintiff has not alleged how he was discriminated against, by whom he was discriminated against, or on what basis he was discriminated against. As such, this claim should be dismissed, as it relates to City Defendants, for failing to state a claim upon which relief can be granted in failing to comply with the pleading standards set forth in Fed. R. Civ. P. 8, *Twombly*, and *Iqbal*.

### vi. Making false statements

The Complaint alleges false statements being made. Complaint, at P. 1. The Complaint is devoid of factual allegations that sufficiently asserts a cognizable claim. As such, this claim should be dismissed, as it relates to City Defendants, for failing to state a claim upon which relief can be granted in failing to comply with the pleading standards set forth in Fed. R. Civ. P. 8, *Twombly*, and *Iqbal*.

### vii. Deny a citizen the grievance process

The Complaint alleges Plaintiff was denied a grievance process. Complaint, at P. 1. The Complaint is devoid of factual allegations that sufficiently asserts a cognizable claim This claim also appears to be the sole claim that can be reasonably interpreted to be asserted against Riley. As such, this claim should be dismissed, as it relates to City Defendants, for failing to state a claim upon which relief can be granted in failing to comply with the pleading standards set forth in Fed. R. Civ. P. 8, *Twombly*, and *Iqbal*.

### viii. Threats and harassment

The Complaint alleges Plaintiff was a victim of threats and harassment. Complaint, at P. 1. However, it is not clear what claim Plaintiff is attempting to assert with such an allegation or whether this allegation is made to support another allegation he has made. The Complaint admits Plaintiff did not know who was contacting him but states he thought it was Lorain Police Department ("LPD") officers. Complaint at P. 4. The Complaint fails to allege the LPD officers were texting and calling Plaintiff. Further, even if Plaintiff had alleged that LPD officers were texting and calling him, the Complaint does not allege a cognizable claim. The Complaint fails to indicate what law may have been violated, what right Plaintiff was deprived of, or anything else that may give rise to a claim. As such, this claim should be dismissed, as it relates to City

Defendants, for failing to state a claim upon which relief can be granted in failing to comply with the pleading standards set forth in Fed. R. Civ. P. 8, *Twombly*, and *Iqbal*.

### ix. Right to reasonable bond

The Complaint alleges Plaintiff was denied a right to a reasonable bond. Complaint, at P. 1. Summarily, the Complaint states that Plaintiff's bond was set at $100,000 with a GPS ankle monitor to Plaintiff's dismay, that Plaintiff's first attorney would submit a motion to modify the bond, and that a bond modification hearing occurred at the Lorain County Court of Common Pleas. Complaint, at Pgs. 2-3. The Complaint provides no other facts pertaining to his claim that the bond was unreasonable, nor does the Complaint identify any constitutional rights that were violated. To boot, the Complaint indicates Plaintiff posted bond before trial. Complaint, at P. 2. As such, this claim should be dismissed, as it relates to City Defendants, for failing to state a claim upon which relief can be granted in failing to comply with the pleading standards set forth in Fed. R. Civ. P. 8, *Twombly*, and *Iqbal*.

### x. Wrongful imprisonment

The Complaint alleges Plaintiff was wrongfully imprisoned. Complaint, at P. 1. Wrongful imprisonment involves "confinement without legal justification, by the alleged wrongdoer of the person wronged." *Wilson v. City of Hazelwood*, 530 F. Supp. 2d 1059, 1068. As such, Plaintiff bears the burden of alleging that he (1) was confined, (2) without legal justification, (3) by the alleged wrongdoer. *Id.* It may be that Plaintiff believes his arrest was without legal justification, but he provides no facts supporting such an allegation. It may be that Plaintiff believes his bond conditions constituted wrongful imprisonment. However, Plaintiff gives no facts supporting such a potential allegation. Further, even if Plaintiff had alleged either that his arrest was unlawful or that his bond conditions were unlawful, Plaintiff bears the burden of showing that such is plausible.

*Iqbal,* 556 U.S. 662, at 678. Here, by failing to plead sufficient facts, Plaintiff falls well short of meeting this standard. As such, this claim should be dismissed, as it relates to City Defendants, for failing to state a claim upon which relief can be granted in failing to comply with the pleading standards set forth in Fed. R. Civ. P. 8, *Twombly*, and *Iqbal*.

### xi. Grand jury tampering

The Complaint alleges grand jury tampering. Complaint, at P. 1. The Complaint fails to identify who, if anyone, allegedly tampered with the grand jury; what the grand jury tampering consisted of; how Plaintiff knew of the alleged tampering; when the alleged tampering took place; or any other relevant factual allegations. The Complaint merely recounts a speculative statement and questions to Plaintiff's attorney that references this claim. Complaint at P. 3. These factual allegations fall well short of the required plausibility standard. *Iqbal,* 556 U.S. 662, at 678. As such, this claim should be dismissed, as it relates to City Defendants, for failing to state a claim upon which relief can be granted in failing to comply with the pleading standards set forth in Fed. R. Civ. P. 8, *Twombly*, and *Iqbal*.

### xii. Falsified report numbers

The Complaint alleges report numbers were falsified. Complaint, at P. 1. The Complaint does not state what constitutional right was violated, how it was violated, or by whom it was violated. The only statements pertaining to this allegation are Plaintiff's assertions to his attorney that a narrative report had the same report number as the initial report and complaint, and that it was labelled as the first police report. Complaint, at P. 3. As such, this claim should be dismissed, as it relates to City Defendants, for failing to state a claim upon which relief can be granted in failing to comply with the pleading standards set forth in Fed. R. Civ. P. 8, *Twombly*, and *Iqbal*.

Plaintiff bears the burden of stating a claim that is both legally and factually sufficient. *See Iqbal,* 556 U.S. 662, at 678. The Complaint fails to do so with respect to every claim stated in Paragraph 1 of the Complaint, and any potential claim found elsewhere in the Complaint. Plaintiff has likewise failed to plead facts sufficient to make any of his claims plausible. *See Iqbal,* 556 U.S. 662, at 679. Because the Complaint failed to state a claim upon which relief can be granted under Fed. R. Civ. P. 8, *Twombly*, and *Iqbal*, the Complaint should be dismissed with respect to City Defendants.

    **b. Alternatively, this Honorable Court should dismiss Plaintiff's Complaint, as it relates to all pending claims against City Defendants, because it fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983.**

It appears from the Paragraph 1 of the Complaint that Plaintiff is attempting to bring his claims under 42 U.S.C. § 1983. Section 1983 provides a method for civil actions to vindicate rights provided by law elsewhere. *Albright v. Oliver*, 510 U.S. 266, 271. Section 1983 does not provide any substantive rights, merely methods to assert rights already existing. *Id*. To prevail on a cause of action under § 1983, a plaintiff must prove '(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law.' *Shadrick v. Hopkins County*, 805 F.3d 724, 736 (6th Cir. 2015) (quoting *Jones v. Muskegon County*, 625. F.3d 935, 941 (6th Cir. 2010)).

Again, to survive a motion to dismiss under this Rule, "a complaint must contain (1) enough facts to state a claim to relief that is plausible, (2) more than a formulaic recitation of a cause of action's elements, and (3) allegations that suggest a right to relief above a speculative level." *Tackett*, 561 F.3d 478 at 488. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662 at 678.

### i. Plaintiff fails to state a claim upon which relief can be granted under 42 USC § 1983 against Rodriguez, Payne, Riley, and Santiago.

For brevity and purposes of complying with Local Rule 7.1(f), the undersigned will not go into detail again about how each claim Plaintiff fails to sufficiently plead under 42 USC § 1983. ***However, for every claim that Plaintiff asserts above, if the intent is to bring each claim under 42 USC § 1983, Plaintiff fails to identify the constitutional right he was deprived of. Moreover, Plaintiff fails to identify which person acting under color of state law caused said deprivation***. *Shadrick*, 805 F.3d 724 at 736.

Despite viewing plaintiff's factual allegations as true and construing the Complaint in the light most favorable to Plaintiff, Plaintiff fails to state a claim upon which relief can be granted in his 1983 claims that are directed towards Rodriguez, Payne, Riley, and Santiago.

### ii. Plaintiff fails to assert a *Monell* claim against the City.

Furthermore, it is unclear what claims Plaintiff is bringing against City under 42 USC § 1983. However, even assuming Plaintiff is bringing every above asserted claim under 42 USC § 1983 against City, Plaintiff's claims should be dismissed from failing to assert a claim upon which relief can be granted.

Municipalities may be held liable for the constitutional violations of their employees, but only where the municipality's policy or custom led to the violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Moreover, "[t]here can be no liability under *Monell* without an underlying constitutional violation.*" Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014). The plaintiff has the burden of proof for establishing the existence of an unconstitutional policy demonstrating a causal link between the policy and the alleged injuries at issue. *Bennett v. City of Eastpointe*, 410 F.3d 810, 819 (6th Cir. 2005). To meet this burden,

plaintiffs must show that the official policy or custom was the moving force of the constitutional violation. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Under *Monell*, a plaintiff may demonstrate a claim against a municipality if the underlying constitutional violation occurred as a result of: "(1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations." *Blick v. Ann Arbor Pub. Sch. Dist.*, 516 F. Supp. 3d 711, 731 (E.D. Mich. 2021) (quoting *Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001). However, if no constitutional violation by the individual defendant is established, the municipal defendants cannot be liable under § 1983. *Id.*

***In the case sub judice, the Complaint fails to properly plead his Monell claim as the Complaint does not identify a constitutionally protected right, nor does the Complaint identify a City custom or policy that caused the violation of a constitutionally protected right. Further, the Complaint has failed to demonstrate a causal link between City's policy or custom and the alleged injury, as well as failing to demonstrate City was the moving force of the constitutional violation.*** Despite viewing plaintiff's factual allegations as true and construing the Complaint in the light most favorable to Plaintiff, Plaintiff fails to state a claim upon which relief can be granted in his 1983 claims that are directed towards the City of Lorain for the foregoing reasons.

    **c. This Honorable Court should dismiss Plaintiff's Complaint, as it relates to all pending claims against City Defendants, because City employees are either immune and/or barred from suit.**

In Plaintiff's Complaint, Plaintiff names the following City personnel as defendants: City of Lorain Law Director and Chief Prosecutor, Patrick Riley; Assistant City Prosecutor, Mallory Santiago; Lorain Police Department Detective Cielo Rodriguez; Lorain Police Department Officer Brent Payne.

11

### i. Riley and Santiago enjoy absolute immunity, or in alternative, qualified immunity from Plaintiff's claims.

"A government officer is entitled to absolute immunity for performing functions 'intimately associated with the judicial phase of the criminal process.' . . . [A] prosecutor is entitled to absolute immunity when he acts 'within the scope of his duties in initiating and pursuing a criminal prosecution.'" *Adams v. Hanson*, 656 F.3d 397, 401 (6th Cir. 2011) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). To determine when the prosecutor is entitled to absolute immunity, courts employ a functional approach, "Prosecutorial immunity extends to a prosecutor's decision to file a criminal complaint and seek an arrest warrant and the presentation of these materials to a judicial officer. . . . The analytical key to prosecutorial immunity, therefore, is advocacy - whether the actions in question are those of an advocate." *Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000).

Here, with respect to uncertain claims asserted against Santiago, Plaintiff alleges Santiago participated at Plaintiff's preliminary hearing at the Lorain Municipal Court in recommending a bond and verified her statements from the preliminary hearing at Plaintiff's bond modification hearing in the Lorain County Court of Common Pleas. Complaint, at Pgs. 3-4. The Complaint fails to allege that Santiago operated outside her scope in pursuing Plaintiff's criminal prosecution as an advocate. *Holloway,* 220 F.3d 767, at 775. Thus, Plaintiff's Complaint should be dismissed, as it relates to claims against Santiago, because Santiago enjoys absolute immunity from her role as a prosecutor.

With respect to the uncertain claims asserted against Riley, the Complaint fails to plead Riley operated outside his scope in pursuing Plaintiff's criminal prosecution as an advocate in his Complaint, and, thus, Riley is entitled absolute immunity as the Chief Prosecutor for the City of Lorain. Again, the only claim that could be reasonably interpreted to be asserted against Riley is

denying Plaintiff a grievance process, which is not a cognizable claim as discussed above. However, should Plaintiff be asserting other claims against Riley, which are currently undiscernible, Riley is entitled to absolute immunity by virtue of being Santiago's supervising prosecutor.

Riley is the duly elected Law Director for the City of Lorain under Title VII of the Ohio Revised Code. Under R.C. § 733.621, Riley is entitled to appoint assistant prosecutors. Plaintiff correctly identifies Santiago as an employee under Riley. Complaint, at P. 4. While it is unclear what role Plaintiff believes Riley took that gives rise to Plaintiff's claim, this Court has held that a "supervising prosecutor enjoys absolute immunity where her subordinate attorney actually tried the criminal case that gives rise to the Section 1983 claim. See generally, *Howell v. Sanders*, 668 F.3d 344, 353 (6th Cir. 2012); *Van de Kamp v. Goldstein*, 555 U.S.335, 346-47, 129 S. Ct. 855, 172 L. Ed. 2d 706 (2009)." *Fambrough v. City of E. Cleveland*, 2023 U.S. Dist. LEXIS 105559, *18. The *Van de Kamp* Court opined that:

> *it will often prove difficult to draw a line between general office supervision or office training (say, related to Giglio) and specific supervision or training related to a particular case. To permit claims based upon the former is almost inevitably to permit the bringing of claims that include the latter. It is also true because one cannot easily distinguish, for immunity purposes, between claims based upon training or supervisory failures related to Giglio and similar claims related to other constitutional matters (obligations under Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), for example). And that being so, every consideration that Imbler mentions militates in favor of immunity.*

*Van De Kamp*, 555 U.S. 335, at 345. By state statute, Riley is the supervising prosecutor of the Prosecutor's Office, which includes Santiago, whose prosecution of the Plaintiff gave rise to the undiscernible § 1983 claim. Thus, Plaintiff's Complaint should be dismissed, as it relates to claims

13

against Riley, because Riley enjoys absolute immunity from his role as the supervising prosecutor for Santiago.

Should this Honorable Court reject the arguments that Santiago and Riley enjoy absolute immunity from Plaintiff's claims, Plaintiff's claims against Santiago and Riley should be dismissed as they both enjoy qualified immunity. This Court has recognized that "the Supreme Court has affirmed dismissal under Rule 12 for other state actors based on qualified immunity. E.g., *Iqbal*, 556 U.S. at 680-82 (where plaintiff failed to plead unconstitutional actions); *Ashcroft v. al-Kidd,* 563. U.S. 731, 744, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011)(where the law was not clearly established). Guided by such decisions, the Sixth Circuit explained the interplay between a qualified immunity defense and a pre-discovery Rule 12 motion:

> *[a]lthough a defendant ordinarily bears the burden of proof for an affirmative defense, a plaintiff bears the burden of overcoming qualified immunity. Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery. [O]fficers are entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time. [A court] can address these requirements in either order. If one is lacking, [a court] need not address the other.*

*Crawford v. Tilley,* 15 F.4th 752, 760 (6th Cir. 2021)." *Fambrough*, 2023 U.S. Dist, LEXIS 105559, at *12-13.

*In Plaintiff's Complaint, Plaintiff fails to allege that Santiago or Riley violated a federal statutory right, nor does Plaintiff allege that the right was clearly established at the time of the challenged conduct*. Thus, Plaintiff's Complaint should be dismissed, as it relates to claims against Santiago and Riley, because Santiago and Riley both enjoy qualified immunity.

    **ii. Rodriguez and Payne are immune from suit because they both enjoy qualified immunity.**

In Plaintiff's Complaint, Plaintiff does not indicate whether his claims against Rodriguez and Payne are brought in their official or personal capacities. Plaintiff's 1983 claims as they relate to Rodriguez and Payne in their official capacities have already been addressed above. Should this Honorable Court construe Plaintiff's Complaint to bring 1983 claims against Rodriguez and Payne in their personal capacities, they should be immune from suit because they both enjoy qualified immunity. Again, "officers are entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." *Fambrough,* 2023 U.S. Dist, LEXIS 105559, at *12-13.

***Here, the Plaintiff fails to allege that Rodriguez and Payne violated a federal statutory right, nor does Plaintiff allege that the right was clearly established at the time of the challenged conduct.*** Thus, Plaintiff's Complaint should be dismissed, as it relates to claims against Rodriguez and Payne in their personal capacities, because Rodriguez and Payne enjoy qualified immunity.

**IV.    Conclusion**

From the foregoing reasons, the Complaint fails to adequately plead his claims under Fed. R. Civ. P. 8, *Twombly*, and *Iqbal*, fails to properly state a claim against City Defendants under 42 USC § 1983, and the above-named City personnel are either barred or immune from suit.

Respectfully submitted,
/s/ Joseph H. Pritchard_____
Joseph H. Pritchard (0101301)
Assistant Lorain Law Director
Joseph T. LaVeck (0092326)
Assistant Lorain Law Director
200 West Erie Ave., 3rd Floor
Lorain, Ohio 44052
Ph: (440) 204-2250
Fax: (440) 204-2257
E: Joseph_Pritchard@cityoflorain.org
    Joseph_LaVeck@cityoflorain.org
*Attorneys for City Defendants*

# CERTIFICATE OF SERVICE

I certify that on March 7, 2024, I electronically filed a true and accurate copy of the foregoing Motion to Dismiss. Parties will receive notification via email and may access a copy of the document through the Court's electronic filing system. Physical copies will also be sent by regular mail on or about March 7, 2024 as follows:

(1) Andrew J. Davison, pro se
2606 W. Erie Ave., Apt #J
Lorain, OH 44053

(2) Jacob W. Pullar (0101003)
Greg Peltz (0091542)
Assistant Prosecuting Attorneys
Lorain County Prosecutor's Office
225 Court Street, 3rd Floor
Elyria, OH 44035-5642
Tel: (440) 329-5429
Fax: (440) 329-5430
E; Jacob.pullar@lcprosecutor.org
Attorney for Defendant Perez

Respectfully submitted,
/s/ Joseph H. Pritchard
Joseph H. Pritchard (0101301)
Assistant Lorain Law Director
Joseph T. LaVeck (0092326)
Assistant Lorain Law Director
200 West Erie Ave., 3rd Floor
Lorain, Ohio 44052
Ph: (440) 204-2250
Fax: (440) 204-2257
E: Joseph_Pritchard@cityoflorain.org
Joseph_LaVeck@cityoflorain.org
*Attorneys for City Defendants*