IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

FILED

MAR 1 4 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | | |
|---|---|---|
| ANDREW J. DAVISON | ) | CASE NO. 1:24CV00227 |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | Magistrate Judge Parker |
| v. | ) | RESPONSE TO MOTION TO |
| CITY OF LORAIN, et al. | ) | DISMISS |
| Defendants. | ) | |

Now comes the plaintiff, ANDREW J. DAVISON , by way of pro se, and hereby ask this Honourable court to deny defendants motion to dismiss plaintiffs claims as it relates to all pending claims against city defendants for the reasons set forth more fully in the attached Memorandum in Support of plaintiffs response to motion to dismiss Doc#6 PageID#48.

WHEREFORE, Plaintiff ANDREW J. DAVISON respectfully move this Honourable Court to deny the defendants motion to dismiss. The allegations in the complaint are sufficiently pleaded such that a plausible claim upon which relief based off factual allegations to withstand judgement.

Respectfully submitted,

Andrew J. Davison

2606 W Erie Ave #J

Lorain, OH, 44035

440-396-4791

Table of Contents

I.    Introduction
II.   Statement of Facts
III.  Procedural History
IV.   Law and Argument
V.    Conclusion

1/8

Table of Authorities

## Cases

King v. Harwood, 852 F.3d 568 (6th Cir. 2017)

United States v. Lucas, 849 F.3d 638 (5th Cir. 2017)

United States v. White, 3:07-cr-00136-TMB-SAO

Fisher v. Commonwealth, No, No. 010613B (Mass. Cmmw. Jun. 28, 2006)

Harris v. City of Circleville, 583 F.3d 356 (6th Cir. 2009)

Summers v. Leis, F.3d 881 (6th Cir. 2004)

Ewolski v. City of Brunswick, 287 F.3d 492 (6th Cir. 2002)

James v. City of Cincinnati, 2008 Ohio 2708 (Ohio Ct. App. 2008)

Hayse v. City of Melvindale, Civil Case No. 17-13294 (E.D. Mich. Mar.2,2020)

Phillips v. City of Cincinnati, Case No. 1:18-cv-541 (S.D. Ohio May.29.2019)

McDonough v. Smith, 1:15-CV-1505 (MAD/DJS) (N.D.N.Y. Aug.11,2022)

Kalina v. Fletcher, 522 U.S. 118,120 (1997)

Beck, 379 U.S. at 91,85 S.Ct.223

Peet v. City of Detroit 502 F.3d 557,566 (6th Cir.2007)

Thomas v. City of Chattanooga, 398 F.3d 426, 429 (6th Cir.2005)

Berger v. City of Mayfield Heights, 265 F.3d 399,405 (6th Cir.2001)

Dean v. Wexford Health Service, inc, 18 F.4th 214,235 (7th Cir. 2021)

## RULES

Crim Rule 56

Crim Rule 5

Crim Rule 5(A)-(B)(2)

Crim Rule 27

Crim Rule 41 (A) (1) -(B) -(C) (1) -(D)(1)-(E)

Crim Rule 48 (B)

App R 23

## OHIO CONSTITUTION

O CONST I Sec 9

O CONST I Sec 10

O CONST I Sec 14

## STATE STATUTES

Ohio revised code 2935.05

2/8

o.r.c 2935.05

o.r.c 2935.081

o.r.c. 2935.09 (A)(D)

o.r.c. 2935.08

o.r.c. 2935.12

o.r.c 2933.231 (E)

o.r.c 2935.14

o.r.c. 2935.15

o.r.c 2935.23

o.r.c 2921.12

o.r.c 2913.42

o.r.c 2917.21

o.r.c 2921.05

o.r.c 2933.59

o.r.c 2921.11

o.r.c 2935.08

o.r.c 2935.081

o.r.c 2935.10 (A)-(E)

o.r.c 2935.14

o.r.c 2935.23

o.r.c 2937.11 (3)

o.r.c 2939.10

## INTRODUCTION

I Believe if this honourable court denies the motion to dismiss and allow the deposition stage as well as discovery as well as the evidence already protected by the record will indeed show the complaint is truthful and all allegations listed and unlisted will show factual.

## STATEMENT OF FACTS

On January 4, 2023 I noticed the Lorain police department as well as two unidentified males approach my door with a riot shield and weapons drawn they knocked on the door and I replied on the ring camera how can I help you in which they tore my ring camera off

318

the wall and placed it camera down where video visual was lost but audio remained recording my attempts to get them to respond in which none of the 4 officers would. My apartment manager Denise Nieto is heard approaching the officers stating she had a key and please do not kick in the door in which one unidentified officer but believed to be officer Payne responded 'you do' at that time they are heard entering my apartment and stating he is not here but searched my apartment. There was no search warrant attached to the arrest warrant nor was there any affidavit or complaint. Discovery revealed there was also no request for any nonconsensual search o.r.c 2933.231(E) and by destroying my property they violated o.r.c 2935.12 hopefully supporting Fed Crim R 56 and Crim rule 41 (A)(1) -(B)-(C)(1)-(D)(1)-(E). App R 23. I called 911 to make a complaint because the police would not respond to me and called my federal parole officer to inform him of the situation and went to the police station to make a report in which I was arrested by detectives Payne and Rodriguez. They informed me I was under arrest, and I asked why they stated drug trafficking. I was read my rights and asked did I want to talk in which I invoked my Miranda rights and stated I would seek council. My money and cell phone were taken and I was passed to another officer to be transported to the Lorain county jail in which I asked about my property and was told it was being taken for in investigation I asked for a seizure form and was denied and taken without my funds being counted in my presence.

While at the Lorain County jail I was allowed my first phone call to try to find out about bail and was told I had none until the next morning court. Being I had just left Lorain police station and was finally receiving a phone call in which I was denied by LPD (violating o.r.c 2935.14) in which was used for evidence violating Miranda. The next day at my arraignment when it came to bail the court asked Mallory Santiago recommendations on bail and she asked det. Rodriguez in which he requested a 100,000$ bail with a gps requirement that I would have to pay 320$ a month to maintain my freedom and help prepare for my defense. (o.r.c 2935.15 does not state a detective can set bail but in this case, he was allowed). I went to the police station to request det. Rodriguez arrest record to see what he usually requests bonds at and was told by officer riley it's too much work and that him and other staff were untrained and unequipped to grant my request. I then was instructed that if I file a civil suit the only way I can get those documents is by way of subpoena.

On January 10th 2023 I was being misled by retained attorney Anthony baker that we should request a continuance and see what they had because as of that day det. Rodriguez as well as Mallory Santiago had not given any police report or complaint to me or retained counsel (violating my due process by not allowing me to face my accuser and any evidence against me as well as ( o.r.c 2935.05-2935.08-2935.081-2935.09(A)(D)-2935.08-2935.23-2935.26(A)(2)-O Const I Sec 10,9-Crim rule 5(A)-(B)(2)-Crim R 27- o.r.c 2935.08-o.r.c 2935.081- o.r.c 2935.23-o.r.c 2937.11). I decided to not waive my preliminary hearing and had it that day because I had no police report and wanted to know about my arrest. Before my preliminary hearing was held attorney Anthony baker did an oral motion to amend my bond being I was paying 320$ for a gps that no one was assigned to monitor just a retired Lorain police officer who actually owned the company recommended by det Rodriguez. At this stage Mallory Santiago stated that I had not been in contact with my federal parole officer and he was concerned about my whereabouts and that he supported the gps and wanted updates det Rodriguez backed up those claims

418

in which I objected and stated to the court that those two statements were complete lies and that I had spoken to my parole officer that morning to inform him of my court date.(the audio transcript is available to prove the facts to this conversation) at that time the judge to into consideration what was said and ruled in Favor of the state. (November 13th, 2023, another bond modification was held in which Mallory Santiago stated she stands by what was said on the tape and if any lies were told they were told to her by detective Rodriguez. (Being Mallory Santiago is an officer of the court she had a duty to investigate my challenge to the statement made by her and detective Rodriguez) but knowing they had just intentionally lied to the court she chose not to protect the record. I had to retain new counsel just to get the transcripts to prove that Santiago and Rodriguez had just committed perjury to the court. That statement blocks her from immunity being she was addressing the court and the court ruled in her Favor based off a lie that has already been proven on the record. Mallory Santiago signature is also on the affidavit and arrest warrant requested by Rodriguez not a judge meaning she had already been in the investigative rule and did not bring a copy of the police report because it lacked probable cause. She either instructed det Rodriguez to write a narrative report after my preliminary hearing or wrote it herself and we hope discovery will provide a date and time that the narrative report was produced and how it got into the hands of the grand jury as well as all evidence outside of the testimony at my preliminary hearing that was the only evidence available and used. (see Peet v. City of Detroit 502 F.3d 557,566 (6th Cir.2007)) this clearly must be a custom or allowed (see Thomas v. City of Chattanooga, 398 F.3d 426,429(6th Cir.2005)) To bring a successful claim under 42 U.S.C 1983 a plaintiff must establish that (1) a person,(2) acting under color of state law,(3) deprived the plaintiff of a federal right. See (Berger v. City of Mayfield heights, 265 F.3d 399, 405 (6th Cir.2001) o.r.c 2935.081 - o.r.c 2935.09(A)(D) also her name on the affidavit and arrest warrant that was issued November 7th 2022 was never entered into a system being I had just had two visits with my parole officer and seen many police officers at high school sporting events and spoken to any no mentions of any warrants for my arrest. The Ohio revised code states the signature should be of a judge or magistrate or clerk not a prosecutor so being she was involved from the beginning she should not be entitled to any immunity until discovery will prove her involvement as well as misconduct. I also attempted to notify law director Patrick riley by recorded phone conversations where I was told I can only file a complaint with him and he refused to meet me or return a phone call and that is recorded by way of his secretary he did reach out to my new retained counsel and was fully aware of the accusations against Santiago and Rodriguez of perjury and chose not to investigate as well.

When I finally did receive discovery, it was video, and audio marked attorney eyes only so I could not view it to see what evidence was against me. I also received a copy of the affidavit attached to the arrest warrant and a narrative report telling the grand jury exactly what to charge me with in the last statement as well as things that happened after the day of my preliminary and arrest but was labelled first police report when the affidavit attached to the warrant had the exact same number. I asked my counsel about it she said let's save it for trial. Either way that report was not available or made before my preliminary who was able to get it into the grand jury after my preliminary violated state and federal law (see Thomas v. City of Chattanooga, 398 F.3d 426,429(6th Cir.2005). (Peet v. City of Detroit 567.). (o.r.c 2935.08) (o.r.c 2935.23) (o.r.c 2921.12) (o.r.c 2913.42) (o.r.c 2933.59) (2921.11) (Crim Rule 27) (o.r.c 2939.10).

5/8

Also, many false statements were added to the narrative report and the fact that det Rodriguez had actually went to the Lorain County jail to solicit a CI who he had just arrested with a mixed variety of drugs to get an arrest of Mr. Davison.

After the dismissal of my charges for speedy trial violations the next day the prosecutor filed an appeal and sent me 25 dollars but the judge will not return my property neither will the Lorain police. This is being done out of retaliation and discovery will show the collusion between all defendants as well as unnamed people. I have had unrelated civil suit dismissed a child custody case dismissed all due to retaliation on the part of the Lorain County justice system conspiring to use the court as a retaliation tool because of my dismissal and not wanting to take a plea I'm certain that evidence will prove this while at work and off duty.

In February I received threatening phone calls and text messages. I went to LPD to make a report and was denied because they wanted me to file a complaint on det Rodriguez and I expressed I did not know if he was the caller. I just received a letter stating they are waiting on grand jury subpoenas to get the phone records of the callers. (see o.r.c 2917.21) (o.r.c 2921.05) (App R 23).

I also filed a complaint on November 13th 2023 on det Rodriguez the date of my bond hearing and the judging believing the proffer of my attorney Clarissa smith for my parole officer not responding to the subpoena sent to show to give testimony instead his proffer was entered by my retained counsel who had to investigate my perjury claim and to see if it was true and in fact it was and all evidence at the hearing proved that Mallory Santiago and det Rodriguez had indeed made false statements to the court and she had a duty to investigate and chose not to even to this day they have tried to avoid the truth, bully, and negotiate trying to get me to invent a plea deal that would suit me. In which I declined and chose trial. At that time the judge clerk presiding over my criminal case called and informed my attorney to file a motion to dismiss because of speedy trial violations and cancelled my trial to face my accuser and challenge evidence. I also had to where the gps for over! year at my own expense for 11 months before the truth came out and the judge ordered I would no longer have to pay but the state would for the 3 weeks until my trial date. In which I had to wear pass my trial date for an additional 57 days all based off a lie told by Santiago and Rodriguez. And the evidence already preserved by record already shows this making it malicious by lack of investigation and trying to cover it up with a narrative report that added additional charges from different dates and times that were never mentioned at my preliminary hearing.

Victor Perez became involved in this when the narrative report by det. Rodriguez was made available to the grand jury adding new charges never mentioned at my preliminary was held and certain direct questions were asked to det Rodriguez that completely contradict the testimony being local rules state who may have access to a grand jury and being Mallory Santiago had already placed her name in place of a judge she was investigating with det Rodriguez and believed to either coach, instruct, or type the report herself and use her role as chief assistant prosecutor to reach out to Lorain county

prosecutor's office and send them the narrative report to take to the grand jury the last paragraph itself states 'Based on the above facts in this case, it is reasonable to believe that Andrew Davison possessed and trafficking Cocaine in and around the city of Lorain, county of Lorain state of Ohio. I request that the Lorain county court of common pleas grand jury review this report and indict Davison on the above listed charges" but the report number matched the affidavit number with Mallory Santiago's signature this will be introduced as evidence if allowed. Victor Perez also conspired with terminated council Anthony baker to violate my speedy trial rights at court victor Perez told me I was not allowed to be in the court room per judge's order as a defendant that I'm to wait in the hallway for my attorney. I asked where the order was posted he stated it was not posted yet. He went in the judge's chambers and the judges bailiff Beverly came out and told me court was cancelled for the day and to leave as I was exiting the court room I seen my attorney Anthony baker and informed of what just happened and he went to chambers and said I could leave they have something going on and so I left. Later to find out that Anthony baker forged my signature to a motion or waiver I had no knowledge of and waived my right to speedy trial and this is after I informed him I retained new council and the next day me and new counsel to be at court the next day in which we were and she informed victor Perez that I stated to her I had no intentions to ever waive my speedy trial rights and he then used white out to correct the document and I have the text message from Anthony baker stating he forged my signature so I wouldn't have a warrant for missing court when camera footage will show me at the court in the hallway from 8:30 am until 12:30 noon that is why I left court to retain new council because attorney baker had become demanding and threating to try to have me waive my speedy trial rights in which I stood very firm in I would not. So I hope by way and through more discovery and depositions we can find exactly who was in contact with whom to intent ally and maliciously violated my rights to due process and the Lorain County justice center. The motion to dismiss by way of Jacob W. Pullar is a perfect example of what is allowed from the Lorain county prosecutor's office to set the record straight I was indicted on July 27, 2023 not July 7,2023 which the docket shows but those few days matter knowing this is another part of the misconduct they try to cover up with false truths. And December 6th 2023 a phone call to my attorney from the judges bailiff Beverly who had deep involvement the entire case call Clarissa smith and asked about any last minute motions before trial the next day then advised they had counted the time and believed to had violated my speedy trial rights so we should file that motion is what my attorney called and advised me I stated if that is true yes file the motion and I would be ready for trial by the morning in which I was. When I entered the court, I seen my lawyer filing the motion that day and said trial was cancelled I asked to get the gps off my leg and was denied and wore it another 57 days pending the ruling of my motion to dismiss. I had motions pending from November that victor Perez was just allowed to ignore and not answer I had evidence marked for attorney eyes only until this day after the dismissal. My attorney filed a motion to have my property returned to me after the dismissal of the charges and the next day an appeal was filed and I was sent a check for 25.00$ from the state of Ohio once again this is just more misconduct by way of the Lorain county justice system conspiring together to abuse to the power granted to them by way of legal remedies. And I'm certain discovery and depositions will show my claim and allegations to be 100% true as God is my witness.

Studies show this a common practice in Ohio, there is no denying that Prosecutors offices around the state of Ohio are riddled with known instances of prosecutorial misconduct (see website article npr. news improper conduct December 15,2023 or follow-up on

Ohio prosecutorial misconduct investigation, grantee examines questionable convictions July 19th, 2023)

### Procedural History

Complaint filed on 02/06/2024 and on 03/04/2024 service by clerk of summons and complaints sent out.

### Conclusion

Based on the foregoing, defendants' motion to dismiss should be denied

Respectfully submitted.

Andrew Davison

2606 W Erie Ave #J

Lorain, OH 44053

8/8