## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISON

| | | |
|---|---|---|
| **ANDREW J. DAVISON,** | ) | **CASE NO. 1:24CV00227** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PAMELA A. BARKER** |
| | ) | |
| **v.** | ) | **Magistrate Judge Parker** |
| | ) | |
| **CITY OF LORAIN, et al.,** | ) | **REPLY TO PLAINTIFF'S** |
| | ) | **RESPONSE TO MOTION TO** |
| **Defendants.** | ) | **DISMISS** |
| | ) | |
| | ) | |

Now come Defendants, the City of Lorain, Cielo Rodriguez, Mallory Santiago, Patrick Riley, and Brent Payne (hereinafter collectively referred to as "City Defendants"), by and through undersigned counsel, and hereby submit their Reply to Plaintiff's Response to [City Defendants'] Motion to Dismiss. For the reasons set forth in the attached Memorandum in Support, City Defendants reaffirm their request for this Honorable Court to issue an Order, dismissing all pending claims against City Defendants.

Respectfully submitted,

/s/ Joseph H. Pritchard_____
Joseph H. Pritchard (0101301)
Assistant Lorain Law Director
Joseph T. LaVeck (0092326)
Assistant Lorain Law Director
200 West Erie Ave., 3rd Floor
Lorain, Ohio 44052
Ph: (440) 204-2250
Fax: (440) 204-2257
E: Joseph_Pritchard@cityoflorain.org
    Joseph_LaVeck@cityoflorain.org
*Attorneys for City Defendants*

## I.     Introduction

On March 7, 2024, City Defendants filed their Motion to Dismiss under Fed. R. Civ. P.

12(b)(6) in response to Plaintiff's Complaint, moving this Honorable Court for an Order

dismissing all pending claims against City Defendants. On March 18, 2024, Plaintiff served City

Defendants with Plaintiff's Response to [City Defendants'] Motion to Dismiss (hereinafter,

"Response"). For the reasons set forth herein, City Defendants reaffirm their request for this

Honorable Court to issue an Order dismissing all pending claims against City Defendants.

## II.     Analysis

**a. This Honorable Court should issue an Order in favor of City Defendants, dismissing all pending claims against City Defendants because this Honorable Court can only consider the factual allegations contained in Plaintiff's Complaint, not the new factual allegations contained in Plaintiff's Response to City Defendants' Motion to Dismiss.**

As stated in City Defendants' Motion to Dismiss, to survive a motion to dismiss under

this Rule, "a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,'

(2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that

suggest a 'right to relief above a speculative level.'" *Tackett v. M& G Polymers, USA, LLC*, 561

F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-

56, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007).

The measure of a Rule 12(b)(6) challenge—whether the complaint raises a right to relief

above the speculative level—"does not 'require heightened fact pleading of specifics, but only

enough facts to state a claim to relief that is plausible on its face.'" *Bassett v. National Collegiate

Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting in part *Twombly*, 550 U.S. at 555-

56)  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged.*" Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

The above standard of review is self-explanatory of what information a court is to consider while reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Namely, that this Circuit's "***longstanding pleading rules require district courts to consider only the complaint's factual allegations—not outside evidence—when deciding whether the complaint has stated a claim***. *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020); *See Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011)" *Cotterman v. City of Cincinnati*, 2023 U.S. App. LEXIS 28781, 2023 FED App. 0455N (6th Cir.), 2023 WL 7132017, at \*10. In *Cotterman*, the court opined further on the scenario in which a Plaintiff might try to "bolster their complaint with new allegations in a response to a motion to dismiss" by stating "courts may not rely on this information." *Id.* at 11.

Here, Plaintiff attempts to allege new factual allegations in his Response that are not contained in his Complaint. Further, Plaintiff's Response provides a factual narrative of his experiences underlying his alleged claims, some of which seems to recount the same factual allegations contained in the Complaint, but most of the Response's narrative introduces new factual allegations not contained in the Complaint. There are also several instances where the Response attempts to identify particular laws and rights that were allegedly violated but not identified in the Complaint, which should be equally treated as new factual allegations. *See* Response, at Pgs. 4-5.

As stated above, this Court can only consider the factual allegations contained in the Complaint, not outside evidence, as Plaintiff is attempting to introduce in his Response. *See Cotterman*, 2023 WL 7132017, at \*10. As such, this Court should grant an Order dismissing all

pending claims against City Defendants as Plaintiff's Response does not provide a valid basis to deny City Defendants' Motion to Dismiss. Namely, because Plaintiff is attempting to introduce new factual allegations in his Response that are not contained in the Complaint.

## III.     Conclusion

From the foregoing, City Defendants reaffirms their request for this Honorable Court to issue an Order dismissing all pending claims against City Defendants as Plaintiff's Response does not provide a basis to deny City Defendants' Motion to Dismiss. Rather, Plaintiff is merely attempting to introduce new factual allegations in his Response that is not contained in the Complaint, which is impermissible. *See Cotterman*, 2023 WL 7132017, at *10.

Respectfully submitted,

/s/ Joseph H. Pritchard_____
Joseph H. Pritchard (0101301)
Assistant Lorain Law Director
Joseph T. LaVeck (0092326)
Assistant Lorain Law Director
200 West Erie Ave., 3rd Floor
Lorain, Ohio 44052
Ph: (440) 204-2250
Fax: (440) 204-2257
E: Joseph_Pritchard@cityoflorain.org
   Joseph_LaVeck@cityoflorain.org
*Attorneys for City Defendants*

## CERTIFICATE OF SERVICE

I certify that on March 26, 2024, I electronically filed a true and accurate copy of the

foregoing Reply to Plaintiff's Response to Motion to Dismiss. Parties will receive notification

via email and may access a copy of the document through the Court's electronic filing system.

Physical copies will also be sent by regular mail on or about March 26, 2024 as follows:

(1) Andrew J. Davison, pro se
2606 W. Erie Ave., Apt #J
Lorain, OH 44053

(2) Jacob W. Pullar (0101003)
Greg Peltz (0091542)
Assistant Prosecuting Attorneys
Lorain County Prosecutor's Office
225 Court Street, 3rd Floor
Elyria, OH 44035-5642
Tel: (440) 329-5429
Fax: (440) 329-5430
E; Jacob.pullar@lcprosecutor.org
Attorney for Defendant Perez

Respectfully submitted,

/s/ Joseph H. Pritchard_____
Joseph H. Pritchard (0101301)
Assistant Lorain Law Director
Joseph T. LaVeck (0092326)
Assistant Lorain Law Director
200 West Erie Ave., 3rd Floor
Lorain, Ohio 44052
Ph: (440) 204-2250
Fax: (440) 204-2257
E: Joseph_Pritchard@cityoflorain.org
    Joseph_LaVeck@cityoflorain.org
*Attorneys for City Defendants*